UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALEKSEY NECHITAYLO,<br><br>        Plaintiff,<br><br>   v.<br><br>LIAN C. CHEN, trustee of the Lian C. Chen Revocable Trust, and ORBIT GAS STATION,<br><br>        Defendants. | CIV. NO. 2:13-989 WBS CKD<br><br><u>FINAL PRETRIAL ORDER</u> |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on August 18, 2014. Irene Karbelashvili appeared as counsel for plaintiff; Michael Welch appeared as counsel for defendants. Following the hearing, the court enters this Final Pretrial Order:

      I.   <u>Jurisdiction – Venue</u>

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff's case arises

1

under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 <u>et seq.</u>  Supplemental jurisdiction is based on 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

## II.   <u>Jury – Non-Jury</u>

Defendants have demanded a jury trial.  Accordingly, the action shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no fewer than six and no more than twelve members.

## III. <u>Jury Instructions and Proposed Form of Verdict</u>

No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 163, copies of all jury instructions that plaintiff requests be given on plaintiff's claims.  At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiff.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 163, copies of any and all jury instructions not already proposed by plaintiffs, which defendants request be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendants and to any proposed form of verdict.

1          Pursuant to Local Rule 163, any other instructions
2 thereafter presented will be refused unless it is shown either:
3 (1) that the necessity for the request arose in the course of
4 trial; could not reasonably have been anticipated prior to trial
5 from the pleadings, discovery or nature of the action; and the
6 request for such additional instructions is presented to the
7 Court as promptly as possible; or (2) that the refusal to give
8 such instructions would constitute plain error.
9          Likewise, any objections to proposed instructions not
10 made in accordance with this order will be overruled as untimely
11 unless it is shown either: (1) that the grounds therefor arose in
12 the course of trial and the intention to make such objections is
13 communicated to the Court as promptly as possible, or (2) that
14 the giving of such instructions would constitute plain error.
15          IV.  <u>Voir Dire Questions</u>
16          No later than fourteen calendar days before the trial
17 date, counsel for each party shall submit all proposed jury voir
18 dire questions.  Counsel for each side shall also be allowed to
19 question potential jurors.
20          V.  <u>Trial Briefs</u>
21          No later than fourteen calendar days before the trial
22 date, counsel for each party shall file trial briefs, which shall
23 include any motions in limine, pursuant to Local Rule 285.  No
24 later than seven days before trial, the parties may file
25 oppositions, if any, to the motions in limine.
26          VI.  <u>Claims and Issues to be Tried</u>
27          Plaintiff's remaining claims against defendant are for
28 disability discrimination in violation of: (1) the Americans with

1  Disabilities Act, 42 U.S.C. §§ 12101 et seq.; (2) the Unruh Civil
2  Rights Act, Cal. Civ. Code §§ 51 et seq.; and (3) the California
3  Disabled Persons Act, Cal. Civ. Code §§ 54 et seq.
4        At the pretrial conference, the parties agreed that
5  certain issues in this trial, including plaintiff's entitlement
6  to injunctive relief under the Americans with Disabilities Act,
7  are equitable in nature and should be decided by the court.  Any
8  evidence pertaining solely to an equitable issue shall not be
9  presented to the jury.  Instead, that evidence shall be received
10 by the court immediately at the close of trial during the jury
11 deliberations.
12          VII. Witnesses
13       (A)  Plaintiff anticipates calling the witnesses
14 identified at Exhibit "A" attached hereto.
15       (B)  Defendants anticipate calling the witnesses
16 identified at Exhibit "B" attached hereto.
17       (C)  Except for retained experts, each party may call
18 any witness designated by any other party.
19       (D)  No other witnesses will be permitted to testify at
20 trial unless:
21            (1)  all parties stipulate that the witness may
22 testify;
23            (2)  the party offering the witness demonstrates
24 that the witness is for the purpose of rebutting evidence which
25 could not have been reasonably anticipated at the time of the
26 Pretrial Conference; or
27            (3)  the witness was discovered after the Pretrial
28 Conference.

1         (E)   Testimony of a witness not designated in this
2    Order, which is offered under paragraph VII(D)(3), above, upon
3    the grounds that the witness was discovered after the Pretrial
4    Conference, will not be permitted unless:
5               (1)   the testimony of the witness could not
6    reasonably have been discovered prior to the Pretrial Conference;
7               (2)   the court and opposing counsel were promptly
8    notified upon discovery of the testimony; and
9               (3)   counsel proffered the witness for deposition
10   if time permitted or provided all opposing counsel a reasonable
11   summary of the testimony if time did not permit a deposition.
12         VIII. Exhibits
13        (A)   Plaintiff intends to offer the exhibits identified
14   at Exhibit "C" attached hereto.
15        (B)   Defendants intend to offer the exhibits identified
16   at Exhibit "D" attached hereto.
17        (C)   Each party may offer any exhibit designated by any
18   other party.
19        (D)   No other exhibits will be received in evidence
20   unless:
21              (1)   all parties stipulate that the exhibit may be
22   received in evidence;
23              (2)   the party offering the exhibit demonstrates
24   that the exhibit is for the purpose of rebutting evidence which
25   could not have been reasonably anticipated at the time of the
26   Pretrial Conference; or
27              (3)   the exhibit was discovered after the Pretrial
28   Conference.

5

1          (E)  An exhibit not designated in this Order, which is
2  offered under paragraph VIII(D)(3), above, upon the grounds that
3  the exhibit was discovered after the Pretrial Conference, will
4  not be received in evidence unless:
5               (1)  the exhibit could not reasonably have been
6  discovered prior to the Pretrial Conference;
7               (2)  the court and opposing counsel were promptly
8  notified upon discovery of the exhibit; and
9               (3)  counsel provided copies of the exhibit to all
10 opposing counsel if physically possible or made the exhibit
11 reasonably available for inspection by all opposing counsel if
12 copying was not physically possible.
13         (F)  Each party shall exchange copies of all exhibits
14 identified in this Order, or make them reasonably available for
15 inspection by all other parties, no later than seven calendar
16 days before the trial date.  Any and all objections to such
17 exhibits shall be filed and served not later than four calendar
18 days before the trial date.
19         (G)  The attorney for each party is directed to appear
20 before trial and present an original (and if physically possible
21 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
22 8:30 a.m. on the date of trial.
23         (H)  Each exhibit which has been designated in this
24 Order and presented on the morning of the date of trial shall be
25 pre-marked by counsel.  Plaintiffs' exhibits shall bear numbers;
26 defendants' exhibits shall bear letters.  If no objection has
27 been made to such exhibit pursuant to paragraph VIII(F), above,
28 such exhibit will require no further foundation and will be

received in evidence upon the motion of any party at trial.

### IX. Further Discovery and Motions

No further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice. Fed. R. Civ. P. 16(e). No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice. Id.

### X. Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal. No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation. No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

### XI. Date and Length of Trial

The trial is set for November 4, 2014, at 9:00 a.m. in Courtroom No. 5. The parties estimate that the trial will last between four and five days.

### XII. Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), will be raised and resolved

7

outside the presence of the jury just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

### XIII. Evidence Presentation Equipment

Any party intending to present evidence by electronic means should contact the Courtroom Deputy prior to trial to acquaint themselves with what equipment the court has and how to operate that equipment without subjecting the court to unnecessary delays.

### XIV. Settlement Conference

A Settlement Conference is set in this action on September 30, 2014 at 9:30 a.m. in Courtroom No. 24 before Magistrate Judge Carolyn K. Delaney.

Each party is ordered to have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.  No later than seven days before the date of the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement to the settlement judge.  Such statements shall not be filed, but shall be delivered to the chambers of the settlement judge in hard copy.

### XV.  Objections to Pretrial Order

Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days from the date this Order is signed.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed.  If no

objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

Dated:  August 20, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit A: Plaintiff's Witnesses

1. Lian Chen;
2. David Nechitaylo;
3. City or county employees for evidentiary purposes related to assessor parcels and building permits;
4. Bassam Altwal, Assoc. AIA, CASp #109 (expert witness).

Exhibit B: Defendants' Witnesses

1. Lian Chen;
2. Song Chen;
3. Pat van Lieshout (rebuttal expert).

Exhibit C: Plaintiff's Exhibits

1. Depicting a portion of the subject property showing the lack of accessible route from the public right of way to an accessible entry;
2. Depicting a portion of the subject property showing the lack of accessible route from the public right of way to an accessible entry (different vantage point);
3. Depicting a portion of the subject property showing lack of exterior accessible route to cut off switch (from a distance);
4. Depicting a portion of the subject property showing lack of exterior accessible route to cut off switch (close up shot)
5. Depicting a portion of the subject property showing the cross slope of the of the accessible route;
6. Depicting a reading provided by the slope measuring tool (3.7);
7. Depicting a portion of the subject property showing the cross slope of the accessible route;
8. Depicting a reading provided by the slope measuring tool (4.8);
9. Depicting a portion of the subject property showing the cross slope of the accessible route;
10. Depicting a reading provided by the slope measuring tool (3.2);
11. Depicting a portion of the subject property showing direction-of-travel slope of the accessible route ;
12. Depicting a reading provided by the slope measuring tool (5.6);

13. Depicting a portion of the subject property showing gaps present in the accessible route;
14. Depicting a portion of the subject property showing gaps present in the accessible route (measurement);
15. Depicting a portion of the subject property showing lack of directional and informational signage along exterior route of travel;
16. Depicting the parking of the subject property (before correction);
17. Depicting the parking of the subject property (after correction);
18. Depicting a portion of the main customer entry door of the subject property (close up shot);
19. Depicting a portion of the main customer entry door of the subject property showing the landing on the pull side of the door (from a distance);
20. Depicting a reading provided by the slope measuring tool (4.4);
21. Depicting a portion of the interior of the subject property showing lack of interior accessible route;
22. Depicting a reading provided by the measuring tape (37″);
23. Depicting a portion of the interior of the subject property showing lack of interior accessible route;
24. Depicting a reading provided by the measuring tape (40″);
25. Depicting a portion of the interior accessible route showing lack of clear head room;
26. Depicting a reading provided by the measuring tape (73″);
27. Depicting a portion of the interior accessible route showing

1 | lack of clear head room;
2 | 28. Depicting a reading provided by the measuring tape (74″);
3 | 29. Depicting a portion of the mounted fire extinguisher and a
4 | measuring tape (close up shot);
5 | 30. Depicting the mounted fire extinguisher and a measuring tape
6 | (from a distance);
7 | 31. Depicting a portion of shelves with goods and a measuring
8 | tape (close up shot);
9 | 32. Depicting a portion of shelves in the refrigerator aisle and
10 | a measuring tape (close up shot);
11 | 33. Depicting cashier counters of the subject property showing
12 | lack the required knee clearance (from a distance);
13 | 34. Depicting a portion of cashier counters with a measuring
14 | tape (10") (close up shot);
15 | 35. Depicting a portion of the lower writing surface of the
16 | cashier counters (from a distance);
17 | 36. Depicting a portion of the lower writing surface of cashier
18 | counters with a measuring tape (10") (close up shot);
19 | 37. Depicting the self-service food and beverages area of the
20 | subject property (from a distance);
21 | 38. Depicting a portion of the self-service food and beverages
22 | area of the subject property and a measuring tape (close up
23 | shot);
24 | 39. Depicting a portion of the hot liquid dispenser, the food
25 | tray with a measuring tape (close up shot);
26 | 40. Depicting a portion of the liquid dispenser, the food tray
27 | with a measuring tape (close up shot);
28 | 41. Depicting a portion of the beverage dispensers, the food

14

        tray with a measuring tape (close up shot);

42. Depicting a portion of the ADA parking area of the subject property;

43. Depicting a portion of the fuel pumps of the subject property;

44. Depicting a portion of the fuel pumps area and the path of travel;

45. Depicting a portion of the cashier counters of the subject property;

46. Depicting one of the fuel dispenser (close up shot);

47. Depicting the self-service food and beverages area (close up shot);

48. Depicting a portion of the fuel pumps area and the path of travel (different vantage point);

49. Depicting the path of travel of the subject property (close up shot);

50. Depicting a portion of the parking of the subject property;

51. Depicting a portion of the parking adjacent to the ADA parking;

52. Joint Inspection Report (11-06-2013) (36 pages);

53. Site Survey & ADA Evaluation by Central Sierra Accessibility Consultant (20 pages);

54. Exhibit A to the Defendants' Answer to Plaintiff's Complaint (4 pages);

55. Sale receipt.

<u>Exhibit D: Defendants' Exhibits</u>

1. Financial and employment records of defendants;
2. CASp Report and photographs by Pat van Lieshout.